USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2103

 EMIRO PASSOS-PATERNINA,

 Plaintiff, Appellant,

 v.

 UNITED STATES,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 
 Emiro Passos-Paternina on brief pro se.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Camille Velez-Rive, Assistant
United States Attorney, on brief for appellee.

August 18, 1999

 
 Per Curiam. Appellant, Emiro Passos-Paternina, has
 appealed the district court's denial of his motion, filed
 pursuant to 28 U.S.C. 2255. We have carefully reviewed the
 parties' briefs and the record on appeal. We affirm
 essentially for the reasons stated in the district court's
 opinion. See Passos-Paternina v. United States, 12 F.Supp.2d
 231 (D.P.R. 1998). We add only the following:
 The district court determined that, although
 proffered as a claim of ineffective assistance of counsel, the
 second of Passos-Paternina's two claims was really a claim of
 the denial of his right to testify on his own behalf and that
 such a claim should not be analyzed under the Strickland
 standard for ineffective assistance of counsel claims; rather,
 such a claim should be reviewed as a constitutional "trial
 error" subject to the Brecht harmless error standard. Passos-
 Paternina v. United States, 12 F.Supp.2d at 240 (agreeing on
 this point with the Fifth Circuit's opinion in Jordan v.
 Hargett, 34 F.3d 310, 316 n.5 (5th Cir. 1994), vacated on other
 grounds, 53 F.3d 94 (1995) (en banc)).
 We need not decide which of the two standards is
 appropriate here. To establish Strickland prejudice, a
 defendant must show that "there is a reasonable probability
 that, but for counsel's unprofessional errors, the result of
 the proceeding would have been different." Strickland v.
 Washington, 466 U.S. 668, 694 (1984). Pursuant to the Brecht
 harmless error standard, a defendant must show "actual
 prejudice," defined as showing that the constitutional trial
 error had a "substantial and injurious effect or influence in
 determining the jury's verdict." Brecht v. Abrahamson, 507
 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328
 U.S. 750, 776 (1946)). In the instant case, the district court
 concluded that Passos-Paternina had not demonstrated that the
 denial of his right to testify actually prejudiced his defense. 
 Passos-Paternina v. United States, 12 F.Supp.2d at 242-43. 
 That conclusion was correct and the result would not change
 even if analyzed under the Strickland standard.
 Affirmed.